UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                        No. 03-4605

JEFFREY DALE CLEMENT,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-03-11)

Submitted: October 29, 2003

Decided: November 14, 2003

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Anna Mills Wagoner, United States
Attorney, Michael A. DeFranco, Assistant United States Attorney,
Kimberly Schell, Third-Year Law Student, Greensboro, North Caro-
lina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jeffrey Dale Clement, a convicted felon, pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Count One), possession of cocaine with intent to distribute, 21 U.S.C. § 841 (2000) (Count Two), and possession of an unregistered firearm, 26 U.S.C. § 5861(d) (2000) (Count Four). In sentencing Clement, the district court departed upward under *U.S. Sentencing Guidelines Manual* § 4A1.3, p.s. (2002), and sentenced him to 118 months imprisonment. Clement contests the departure. We affirm.

The probation officer placed Clement in criminal history category IV because he had eight criminal history points, but suggested that an upward departure might be warranted under USSG § 4A1.3 because Clement had received only three criminal history points for a number of drug-related felony convictions that were consolidated for sentencing and thus were treated as related cases. *See* USSG § 4A1.2(a)(2), comment. (n.3). Five such felonies, all committed on October 30, 1998, were listed in Paragraph 32 of the presentence report. Three additional felony offenses that occurred on July 29, 1999, were consolidated for sentencing with the five described felonies, and were listed in Paragraph 34.

At the sentencing hearing, the district court misread Paragraph 32 as describing two sets of convictions that were committed on different dates and were consolidated for sentencing. The court decided that an upward departure was justified based on the convictions listed in Paragraph 32. The district court departed upward by one level, placing Clement in criminal history category V and increasing his guideline range from 84-105 months to 100-120 months. The court then noted that it could have departed further by adding another three hypothetical criminal history points for the offenses Clement committed on July 29, 1999.

Generally, a sentencing court may depart from the guideline range only if the court finds an aggravating or mitigating factor of a kind, or to a degree, not adequately considered by the Sentencing Commission. 18 U.S.C. § 3553 (2000); *Koon v. United States*, 518 U.S. 81, 98 (1996). The Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, 117 Stat. 650, now requires a reviewing court to conduct a de novo review of whether the district court's departure decision was based on proper factors. The appeals court must determine whether the departure was based on a factor that (1) does not advance the objectives set forth in 18 U.S.C. § 3553(a)(2), or (2) is not authorized by § 3553(b), or (3) is not justified by the facts of the case. *Id.* § 401(d), 117 Stat. at 670; 18 U.S.C. § 3742(e)(3)(B)(i)-(iii) (2000). The PROTECT Act also requires the district court to provide its reasons for departure with specificity in the written judgment. *See* PROTECT Act, § 401(c)(1), 117 Stat. at 669; 18 U.S.C. § 3553(c)(2) (2000). In this case, the district court provided a brief statement of its reasons in the written judgment. (JA-I at 39).

Clement contends that the district court's departure was not justified by the facts of the case because the court failed to understand that all the offenses listed in Paragraph 32 occurred on October 30, 1998. He argues that he did not receive an undue benefit from the guideline's treatment of these related offenses. However, the district court stated that it would have been appropriate to add another three hypothetical criminal history points for the July 29, 1999, offenses. Thus, it is clear that, had the court read Paragraph 32 correctly, it would still have departed upward by one level.

An upward departure pursuant to § 4A1.3 is encouraged when the district court finds that the criminal history category under-represents the defendant's past criminal conduct and likelihood of recidivism. *United States v. Bellamy*, 264 F.3d 448, 456 (4th Cir. 2001), *cert. denied*, 534 U.S. 1143 (2002). Therefore, we conclude the district court did not err in choosing to upwardly depart.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argu-

ment would not aid the decisional process.

*AFFIRMED*